## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ERNEST MONTGOMERY (#315014)**

**VERSUS**

**ROBERT TANNER, ET AL.**

**CIVIL ACTION**

**NO. 15-550-JJB-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 5, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERNEST MONTGOMERY (#315014)

VERSUS

ROBERT TANNER, ET AL.

CIVIL ACTION

NO. 15-550-JJB-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion to Dismiss (R. Doc. 10). The motion is opposed.  *See* R. Doc. 14.

The *pro se* plaintiff, an inmate incarcerated at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Robert Tanner, warden of EHCC, and James M. LeBlanc, secretary of the Louisiana Department of Public Safety and Corrections, in their individual and official capacities, complaining that his constitutional rights have been violated as result of the defendants' failure to protect him from harm and deliberate indifference to his safety.  The plaintiff is seeking compensatory and punitive damages, as well as declaratory and injunctive relief.

The defendants first seek dismissal on jurisdictional grounds, presumably pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's § 1983 claims against them in their official capacities.  In this regard, the defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983.  *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).  In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.  *Id*. at 25.

Accordingly, the plaintiff's § 1983 claims asserted against defendants in their official capacities for monetary damages are subject to dismissal. In contrast, the plaintiff's claim for monetary damages asserted against the defendants in their individual capacities remains viable because a claim against a state official in his individual capacity, seeking to impose liability for actions taken by the official under color of state law, is not treated as a suit against the state. *Id*. at 29. Additionally, the plaintiff's request for declaratory and prospective injunctive relief against the defendants in their official capacity is also actionable under § 1983. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief, whether in the form of damages or prospective injunctive relief.

Turning to the plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, the defendants next assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a

defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted).  Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint as amended (R. Doc. 28), the plaintiff alleges the following.  The defendants employ inmates to monitor the living areas of other inmates, specifically inmates who are suicidal or mentally ill.  On May 30, 2014, the plaintiff was on suicide watch and was restrained in a bed when another inmate, hired to monitor the plaintiff's living area, threw a lit cigarette onto the plaintiff causing a burn on his right thigh.  The defendants were aware that the inmates employed to monitor the living areas of other inmates were causing harm to the inmates they were monitoring, and the plaintiff asserts that the defendants failed to protect him from harm and were deliberately indifferent to his safety.

More specifically, the defendants were aware of previous instances of abuse by the supervising inmates including: (1) inmates Norman, Coleman, and Livings being forced to perform sexual acts; (2) inmate Ratcliff being provided a razor which he used to cut his wrist; and (3) fights with inmates Mills, Ferrier, and Rose.  These incidents are well documented and are "common knowledge."  Additionally, the defendants created the policy of employing inmates to monitor the living areas of other inmates who are suicidal or mentally ill.

Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d 1364, 1373 (5th Cir. 1981). Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. *Id.* at 837. A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id. at 847*. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.* at 837. However, a prison official may not "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Id.* at 843. It is irrelevant whether a risk comes from "a single source or multiple sources" or whether the risk is borne by a single prisoner for personal reasons or by all similarly-situated prisoners. *Id.*

Applying the foregoing standards, the Court concludes that the plaintiff has alleged facts sufficient to state a claim that the defendants were deliberately indifferent to a substantial risk of serious harm in failing to protect the plaintiff from his co-inmate. The plaintiff alleges widespread abuse of suicidal and mentally ill prisoners by inmates employed to supervise their living areas. The plaintiff additionally alleges that the defendants had knowledge of at least seven such instances of abuse, and failed to act. Accepted as true for the purpose of evaluating

the defendants' Motion to Dismiss, these facts tend to show that the defendants were aware of a substantial risk of harm to the plaintiff, and disregarded the risk.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.  28 U.S.C. § 1367.  In the instant case, the Court further recommends that the exercise of supplemental jurisdiction be declined as the plaintiff's potential state law claims would substantially predominate over the claims over which the Court has original jurisdiction.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction in connection with any potential state law claims.  It is further recommended that the defendants' Motion (R. Doc. 10) be granted in part, and that the plaintiff's claims for monetary damages asserted against the defendants in their official capacities be dismissed.  It is further recommended that in all other regards, the defendants' Motion (R. Doc. 10) be denied.

Signed in Baton Rouge, Louisiana, on December 5, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**