UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ERNEST MONTGOMERY (#315014)**

**VERSUS**

**ROBERT TANNER, ET AL.**

CIVIL ACTION

NO. 15-550-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 19, 2018.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ERNEST MONTGOMERY (#315014)**

**VERSUS**

**ROBERT TANNER, ET AL.**

CIVIL ACTION

NO. 15-550-BAJ-RLB

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the parties' Cross Motions for Summary Judgment (R. Docs. 49 and 50).

The *pro se* plaintiff, an inmate incarcerated at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc and Warden Robert C. Tanner complaining that his constitutional rights have been violated when the defendants failed to protect him from an attack by another inmate.

The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, and certified copies of the plaintiff's pertinent Request for Administrative Remedy, a Disciplinary Report dated 5-30-2014, the known enemy lists of the plaintiff and offender Robert Hearn, DOC Health Care Policy No. HC-23 entitled Health Care Assistants, DOC Health Care Policy No. HC-38 entitled Suicide Prevention, Suicide Intervention, and Post Suicide Management, Standard No. 4-4393 of the American Corrections Association's Standard for Adult Correctional Institutions, and excerpts of the plaintiff's Mental Health Records from May 2014. The plaintiff moves for summary judgment relying upon the pleadings and excerpts of the plaintiff's medical records.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.  *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075.  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.  *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, as amended, the plaintiff alleges that on May 30, 2014 he was on suicide watch and was restrained to a bed with handcuffs and shackles when offender Robert Hearn, who was employed as a tier walker, threw a lit cigarette on top of the plaintiff resulting in burns on the plaintiff's right thigh.  The plaintiff asserts that the defendants created a policy that placed inmates (tier walkers) in positions of supervision over other inmates, and were aware of that the tier walkers were causing harm to the inmates they were monitoring but failed to remedy the situation.

In response to the plaintiff's allegations, the defendants contend, *inter alia*, that the plaintiff's claims are subject to dismissal for failure to exhaust administrative remedies.  In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[1]  This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).  Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson*, *supra*, 385 F.3d at 516, *quoting Porter v. Nussle*, *supra*, 534 U.S. at 525.  Further,

---

[1] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id.*

The plaintiff complained in his ARP ("EHCC-2014-526) that at the time of the incident he was under the supervision of the Beaver 2 security team, but was left on a closed off tier with only offender Hearn monitoring the plaintiff as a tier walker. In a drawing attached to the plaintiff's ARP he further explains that the security officers move the desk from a window where they can see down the tier to an area near the Interlock Key Officer, who is female, so they can talk to her. Since the desk was no longer near the window where the security officer could see down the tier, the plaintiff was left under the exclusive supervision of offender Hearn as he performed his duties as a tier walker. *See* R. Doc. 40-1, p. 5-6.

The plaintiff made no complaints in the referenced ARP regarding the institution of the complained of tier walker policy by defendants LeBlanc and Turner, nor does the plaintiff assert any complaints therein regarding prior abuses by tier walkers, knowledge of said abuses on the part of defendants LeBlanc and Turner, and a failure to remedy such abuses by these defendants.

The plaintiff has not identified any other ARP in which these claims were addressed prior to the filing of his Complaint, nor is there any such ARP in the record. Accordingly, exhaustion has not occurred with regards to the plaintiff's claims against defendants LeBlanc and Turner. Based upon the record before the Court, the defendants' Motion for Summary Judgment (R. Doc. 50) should be granted.

A substantive review of the plaintiff's claims would fare no better. In the first place, the plaintiff's Complaint, Amended Complaint and Memorandum in Support of his Cross Motion for Summary Judgement are unsworn and are not properly before the Court for consideration in connection with the defendants' Motion for Summary Judgment. A verified complaint may

potentially be considered as competent summary judgment evidence to the extent the complaint comports with the affidavit requirements of Rule 56 of the Federal Rules of Civil Procedure. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). 28 U.S.C. § 1746 provides for verification of an unsworn complaint when a plaintiff declares under penalty of perjury that the factual allegations contained therein are true and correct. When a complaint is so verified, the plaintiff faces the possibility of criminal prosecution for perjury if it is shown that he willfully or knowingly made material misrepresentations. See 28 U.S.C. §§ 1621, 1623. In turn, when a complaint is executed in the form prescribed by 28 U.S.C. § 1746, the factual allegations of the plaintiff's complaint are transformed from "mere allegations" to "specific facts" as if set forth in an affidavit. *See Searcy v. Cooper*, 2002 WL 535058, *3 (N.D. TX 2009). The plaintiff's pleadings do not contain the statements required by 28 U.S.C. § 1746 which would allow the Court to consider them as competent summary judgment evidence.

Furthermore, although failure to protect from harm is actionable under certain circumstances, the plaintiff's unsworn allegations fall short of establishing a constitutional violation. Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d 1364, 1373 (5th Cir. 1981). Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. *Id.* at 837. A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces

a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id. at 847*. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.* at 837.

In the instant matter, the plaintiff's unsworn allegations are entirely conclusory as to the defendants' alleged knowledge of abuse by tier walkers, and the defendants' failure to remedy said abuses. The only competent summary judgment evidence submitted by the plaintiff are the declarations of inmate tier walkers attesting to the abuse of tier walkers by mentally ill inmates, and a Declaration from twenty inmates regarding the separation of HRDC and Hunt inmates.[2] The Declarations do not support the plaintiff's claim of known abuse of mentally ill inmates by tier walkers.[3] Accordingly, based upon the record before the Court, the defendants are also entitled to summary judgment for this reason.

## RECOMMENDATION

It is recommended that the defendants' Motion for Summary Judgment (R. Doc. 50) be granted, and that this action be dismissed. It is further recommended that the plaintiff's Cross Motion for Summary Judgment (R. Doc. 49) be denied.

Signed in Baton Rouge, Louisiana, on January 19, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] R. Docs. 28-1 and 28-2.
[3] The Court notes that some of the Declarations do not contain the exact language required by 28 U.S.C. § 1746 due to a typographical error which inserts the word "decline" in place of "declare."